IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| JAMES T. NEWTON<br>11410 S. Stanley Road<br>Overbrook, KS 66524<br><br>      Plaintiff,<br><br>v.<br><br>UNION PACIFIC<br>RAILWAY COMPANY,<br>a Delaware Corporation,<br><br>      Defendant.<br><br>SERVE:<br><br>The Corporation Company<br>515 S. Kansas Avenue<br>Topeka, KS 66603 | Case No.   06-2181 CM<br><br>Division _____ |

**COMPLAINT**

Plaintiff, for his cause of action against the Defendant, states and alleges as follows:

1. This action is based on and brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* Jurisdiction is proper pursuant to 45 U.S.C. § 56.

2. Plaintiff, James T. Newton, resides at 11410, S. Stanley Road, Overbrook Kansas 66524.

3. Defendant, Union Pacific Railway Company, is and was at all times herein mentioned a Delaware corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

1

4.  Defendant operates trains in the transportation of freight in and between the states of Kansas and Missouri and other states, and is and was at all times herein mentioned engaged in business in the District of Kansas;

5.  This action against Defendant UP is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*, and the Federal Regulations promulgated pursuant to that act. Jurisdiction is proper pursuant to 45 U.S.C. § 56 and 28 U.S.C. §1331.

6.  This Court has personal jurisdiction over the defendant.

7.  Venue of this action is proper pursuant to 45 U.S.C. §56 and pursuant to 28 U.S.C. §1391.

8.  In May 2003, and for a long time prior thereto, Plaintiff was employed by Defendant as a conductor/switchman. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on May 6, 2003, Plaintiff was employed by and engaged with the Defendant in interstate commerce.

9.  On May 6, 2003, while Plaintiff was employed by and working for Defendant as an conductor/switchman, it became and was Plaintiff's duty to lace brake line air hoses in the Defendant's Topeka Kansas Tie Yard. While Plaintiff was so engaged in the performance of his duties, the ballast on which he was walking was loose and uneven causing his knee to twist and pop, additionally and alternatively, previous to this, over the course of many years, the Defendant required Plaintiff to walk over loose and uneven surfaces, which weakened his knee and made it susceptible to

injury on May 6, 2003, and as a direct result of the foregoing, Plaintiff sustained severe, permanent, painful and disabling bodily injuries hereinafter described.

10.     Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of the defendant, including in the following respects, to-wit: Defendant negligently failed to furnish and provide plaintiff with a reasonably safe place to work, reasonably safe conditions for work and reasonably safe appliances for work in that defendant, through its officers, agents, servants and/or employees other than plaintiff, negligently

(i)     Allowed an unreasonably dangerous hazard to exist alongside Defendant's railroad track in Defendant's rail yard;

(ii)    Exposed Plaintiff to an unreasonably dangerous hazard of serious bodily injury by allowing a the ballast to be and remain loose and uneven alongside Defendant's railroad track in Defendant's rail yard;

(iii)   Failed to discover the existence of loose and uneven ballast alongside the Defendant's railroad track in Defendant's rail yard;

(iv)    Failed to repair, or otherwise correct, the loose and uneven ballast alongside Defendant's railroad track in Defendant's rail yard;

(v)     Failed to warn Plaintiff of the presence of the loose and uneven ballast alongside the Defendant's railroad track in Defendant's rail yard;

(vi)    Failed to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the performance of

        routine track inspection and maintenance to detect defects and make repairs in and around Defendant's railroad tracks in Defendant's rail yard;

(vii)    Failed to properly and adequately perform routine track inspection and maintenance and make repairs to defects in and around Defendant's railroad tracks in Defendant's rail yard.

(viii)    Exposed Plaintiff to the hazard of uneven walking surfaces that could result in cumulative trauma to his knees making them susceptible to injury.

11.    Defendant knew, or by the exercise of ordinary care should have known, that in acting or failing to act as described above, it was reasonably likely that employees, including Plaintiff, would be injured.

12.    The Defendant's acts and omissions listed above constitute negligence.

13.    As a result of the above-described acts and omissions of the Defendant, Plaintiff sustained injuries to his left knee including the internal structures of the knee. On account of said injuries, Plaintiff has been hospitalized and has undergone medical treatment. The strength, use and function of Plaintiff's left knee and Plaintiff's body and general health and strength have been permanently weakened, diminished and impaired. He has suffered, and will suffer in the future, severe physical pain, suffering, and mental anguish.

14.    Prior to these injuries, Plaintiff was a strong, able-bodied man capable of earning and actually earning in excess of $5,000.00 per month. On account of these injuries, Plaintiff has lost earnings and will in the future lose earnings, and his power to

work and labor and his earning capacity have been greatly and permanently diminished and impaired. Plaintiff has suffered the loss of fringe benefits and will in the future lose fringe benefits. Plaintiff will incur the costs of replacing his fringe benefits. Because of these injuries, plaintiff has incurred expenses for medical treatment and will in the future incur expenses for medical treatment. Further, because of his injuries, Plaintiff is unable to perform the usual and normal household services and will in the future be unable to perform such household services. By reason of the facts herein alleged, Plaintiff has suffered damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays judgment against the Defendant for damages in an amount that is fair and reasonable, interest, costs, and for such other relief the Court deems just and proper in this Complaint.

Respectfully submitted,

**s/ Charles W. Gordon Jr.**

Christopher H. Leach
KS Fed. Bar No. 70568
Charles W. Gordon, Jr.
KS Bar No. 22317
Attorneys for Plaintiff James T. Newton
HUBBELL PEAK O'NEAL NAPIER & LEACH
30 W. Pershing Road, Suite 350
Kansas City, MO 64108-2463
Telephone:  (816) 221.5666
Fax:             (816) 221.5259
E-Mail:         cleach@hubbellfirm.com
                    cgordon@hubbellfirm.com

## JURY DEMAND

Plaintiff respectfully demands trial by jury of all issues herein.

s/ Charles W. Gordon Jr.
Attorney for Plaintiff

Plaintiff designates Kansas City, KS as place of trial.